STATE *vs.* STILLMAN TOWER.

Washington.   Opinion April 15, 1892.

*Constitutional Law. Fish. Waters. U. S. Const. Art. IV, § II, Part I.*
*R. S., c. 40, § 48.*

The State has the exclusive jurisdiction to regulate and control the fisheries in the waters of the State, both tidal and interior waters.

The right to fish in its waters is not a privilege of the citizens in the several States; and granting to citizens of this State the right to fish for and take fish in a manner and for a purpose described in R. S., c. 40, § 48, is not a discrimination against the "privileges" of citizens of the several States within the meaning of Art. IV, § II, Part I, of the Constitution of the United States.

Chapter 40, § 48, of R. S., is valid.

ON EXCEPTIONS.

The case is stated in the opinion.

*C. E. Littlefield*, Attorney General, for the State.

*G. M. Hanson*, for defendant.

Counsel cited: Morse on Citizenship, p. 248, and cases cited; *Pearson* v. *Portland*, 69 Maine, 278; *State* v. *Furbush*, 72 *Id.* 493.

LIBBEY, J.   Indictment charging that the defendant, on February 17, 1891, did fish for land-locked salmon, trout and togue in Grand Lake, Washington county, in violation of c. 40, § 48 of R. S. Upon his arraignment he pleaded guilty, unless the court shall be of opinion that he was not guilty by

reason of his being an American citizen resident in the Province of New Brunswick. The presiding judge ruled that his citizenship of the United States was no protection to the acts charged against him, as he was not a citizen of Maine. To this ruling exception was taken, which brings the question before this court.

The contention of the counsel for the defendant is, that this statute is void, inasmuch as by its proviso during February, March and April, citizens of the State may fish for and take land-locked salmon, trout and togue, and convey the same to their own homes but not otherwise, it discriminates between citizens of this State and citizens of the United States residing out of the State; that it gives to the citizens of the State a privilege which it denies to the citizens of the United States not residing here, and is therefore, in violation of the Constitution of the United States, Art. IV, § II, Part I. "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

If the right to fish in the interior waters of this State is a privilege of citizens in the several states, his contention would seem to be well founded. But we think the right to fish in the waters of this State is not a privilege to which citizens in the several states are entitled. The question raised here appears to be fully decided by the Supreme Court of the United States in *McCready* v. *Virginia*, 94 U. S. 391. In the opinion of the court in that case, by Mr. Chief Justice Waite, the court declares that, "The principle has long been settled in this court that each state owns the beds of all tide waters within its jurisdiction, unless they have been granted away. *Pollard's Lessee* v. *Hagan*, 3 How. 212 ; *Smith* v. *Maryland*, 18 How. 74 ; *Mumford* v. *Wardwell* 6 Wall. 436 ; *Weber* v. *Harbor Commissioners* 18 *Id*. 66. In like manner, the states own the tide waters themselves and the fish in them, so far as they are capable of ownership while running. For this purpose the State represents its people, and the ownership is that of the people in their united sovereignty. *Martin* v. *Waddell*, 16 Peters, 410."

. . . . "The right which the people of the State thus acquire comes not from their citizenship alone, but from their

citizenship and property combined. It is, in fact, a property right, and not a mere privilege or immunity of citizenship."

After stating the definition which the court had given in several previous cases to the words "privileges and immunities" as used in the constitution, and stating that it had come to the conclusion that the better practice was not to attempt to give an abstract definition to the words, but leave it to be determined in every particular case as it might arise, the opinion farther declares that, "Following, then, this salutary rule, looking only to the particular right which is here asserted, we think we may safely hold that the citizens of one state are not invested by this clause of the constitution with any interest in the common property of the citizens of another state."

We deem it unnecessary to cite any further authorities. It is the duty of this court to follow the decisions of the highest Federal Court in determining the meaning of the constitution of the United States. The section of the statute under which the defendant is indicted is not in conflict with the provision of the constitution relied on, and is valid.

*Exceptions overruled. Judgment for the State.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.